# EXHIBIT B

STATE OF INDIANA ) IN THE FULTON SUPERIOR COURT
) SS:
COUNTY OF FULTON ) CONTINUOUS TERM

CAUSE NO. 25D01-2512-PL-000903

STATE OF INDIANA
Plaintiff

VS

JESS SAMPSON
Defendant

ORDER
Motion to Disqualify
Motion to Dismiss
2/16/2026 Hearing

On February 16, 2026 hearing was held on (1) Defendant's Motion to Stay Discovery Pending Disqualification of Counsel filed 12/18/2025 ("Motion to Disqualify"),[1] (2) Plaintiff's Motion for Extension of Time to Answer Discovery Pending Hearing on Motion to Stay Discovery Pending Hering [sic] on Motion to Disqualify Counsel filed 1/8/2026 ("Motion to Disqualify"), and (3) Defendant's Motion to Dismiss filed 1/12/2026.[2] Plaintiff appears by counsel, Mark Snodgrass. Defendant appears by counsel, Dan May. At the conclusion of the hearing the Court ordered Defendant to file a Brief by March 18, 2026; and Plaintiff to file a Reply within 15 days after Defendant's filing. After consideration of the evidence presented, the arguments made, the law and the record of the proceeding, the Court now issues the following Order denying Defendant's motions to dismiss and disqualification of Plaintiff's counsel.

[1] The Court issued an Order on 1/8/2026 granting Defendant an additional 30 days to respond to discovery after the ruling on the Motion to Stay.

[2] The Court issued an Order on 1/13/2026 granting Defendant an additional 30 days to respond to Plaintiff Complaint after ruling on the Motion to Dismiss. Note: Defendant's submitted Order that the Court signed contained a scrivener's error in the last paragraph referencing response to "discovery" rather than the "complaint."

## ISSUE

The dispositive issue is whether the Office of the Indiana Attorney General ("OAG") can file an action pursuant to the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5-1 et seq. ("DCSA"), and the Regulation of Vehicle Merchandising Act, 9-32-11-1 et seq. ("RVMA"), where the elected Indiana Attorney General ("AG") is the only named alleged victim seeking restitution.

## FINDINGS

1. On 12/4/2025 Plaintiff (OAG) filed its Complaint for Injunction, Restitution, Civil Penalties, and Costs pursuant to the DCSA and the RVMA.
2. Plaintiff's Complaint includes ten (10) Counts of alleged violations of the DCSA and one (1) Count of an alleged violation of the RVMA by Defendant of various practices in violation of various statutes:
    a. Selling Motor Vehicles and Watercraft Without a License (I.C. § 9-32-11-1(a)(3); § 9-32-2.1-44; and § 9-32-2.1-46).
    b. Storing, Rebuilding, and Selling Vehicle Parts Without a Salvage Rebuilder's License (I.C. § 9-32-11-1(a)(5); and § 9-32-9-1).
    c. Title Jumping Motor Vehicles, Watercraft and Trailers (I.C. 9-17-2-1; and § 9-17-2-14.7.
    d. Misrepresentations Regarding Licensure.
    e. Misrepresentations Regarding Repairs and Quality of Vehicles.
3. The Court takes judicial notice of the cases cited in Plaintiff's footnotes 2 and 3 of Plaintiff's Response to Defendant's Brief on Pending Motions filed 3/25/2026.
4. Plaintiff's Complaint involving the DCSA was brought pursuant to I.C. 24-5-0.5-4(c) that allows for injunctive and other statutory for an action brought by the attorney general. This section does not require a private action by an individual consumer or a class of consumers.
5. Defendant's Motion to Dismiss is based upon Indiana Trial Rule 12(B)(6), failure to state a claim upon which relief can be granted, which shall include failure to name the real party in interest under Rule 17; and Indiana Trial Rule 12(B)(7), failure to join a party needed for just adjudication under Rule 19.

6. By the strict language of the DCSA § 24-5-05.-4(c), and the plain intent of the RVMA Plaintiff has stated a claim upon which relief can be granted, and Plaintiff has not failed to name the real party in interest or failed to join a party needed for just adjudication.
7. Defendant's Motion to Disqualify is based upon the AG being named as an individual entitled to receive restitution in Count XI of Plaintiff's Complaint.
8. The AG is not an attorney of record for the Plaintiff's Complaint.
9. The Court does not find, and Defendant has not cited, any authority that all attorneys of the OAG are disqualified from an action filed pursuant to the DCSA or the RVMA because the AG is an alleged victim and seeking restitution.
10. The action and claims before this court do not violate the Indiana Rules of Professional Conduct.[3]

ORDER

1. The Court DENIES Defendant's Motion to Disqualify.
2. The Court DENIES Defendant's Motion to Dismiss.
3. As previously ordered, Defendant shall have an additional thirty (30) days from the date of this Order to respond to discovery.
4. As previously ordered, Defendant shall have an additional thirty (30) days from the date of this Order to file a responsive pleading to Plaintiff's Complaint.

Date: June 8, 2026

Gregory L. Heller, Judge
Fulton Superior Court

[3] The Court questions whether it has the authority to make a finding of a violation of the Indiana Rules of Professional Conduct, and concludes that the Indiana Supreme Court Disciplinary Commission is the ultimate authority to determine if a violation has occurred.